SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------X

JULIA KHAN,

                                 Plaintiff(s)

        -against-

Z & D TOUR INC., FEDEX GROUND PACKAGE
SYSTEM INC. and PENSKE TRUCK LEASING
CORP.,

                              Defendant(s).

---------------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANT(S)**

Index No.:
Date of Filing:
Plaintiff Designates BRONX
County as the place of trial

The basis of venue is
Plaintiffs Residence

Plaintiff Resides at:
1370 Virginia Avenue
Bronx, NY 10462

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff(s) attorneys within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty [30] days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          January 12, 2021

Yours, Etc.

RICHARD K. HERSHMAN, P.L.L.C.

By: _____
    Richard K. Hershman, Esq.
**Attorney for Plaintiff(s)
49 West 37th Street
7th Floor
New York, New York 10018
(212) 391-7721**

Defendant(s) Address(es)

Z & D TOUR INC.
c/o Secretary of State or at
350 US Highway 46, Ste 131
Rockaway, NJ 07866

FEDEX GROUND PACKAGE
     SYSTEM INC.
c/o Secretary of State or at
1000 Fedex Drive
Moon Township, PA 15108

PENSKE TRUCK LEASING CORP.
c/o Secretary of State or at
2675 Morgantown Road
Reading, PA 19607

FILED: BRONX COUNTY CLERK 01/12/2021 01:51 PM                                INDEX NO. 800432/2021E
NYSCEF DOC. NO. 1                                                              RECEIVED NYSCEF: 01/12/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X   Index No.:
JULIA KHAN

                        Plaintiff(s)

      -against-                                                           **VERIFIED COMPLAINT**

Z & D TOUR INC., FEDEX GROUND PACKAGE
SYSTEM INC. and PENSKE TRUCK LEASING
CORP.,

                        Defendant(s).
-------------------------------------------------------------X

Plaintiff by his attorney *RICHARD K. HERSHMAN, P.L.L.C.* complaining of the defendant(s) herein, respectfully alleges the following upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF JULIA KHAN

1. That at all times hereinafter mentioned plaintiff JULIA KHAN (hereinafter referred to as "JK") was and still is a resident of the County of Bronx, City and State of New York.

2. That at all times hereinafter mentioned defendant Z & D TOUR INC. (hereinafter referred to as "Z&D") was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. That at all times hereinafter mentioned defendant "Z&D" was and still is a foreign corporation duly authorized to conduct business in the State of New York.

4. That at all times hereinafter mentioned defendant "Z&D" was and still is a limited liability domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned defendant "Z&D" was and still is a limited liability foreign corporation duly authorized to conduct business in the State of New York.

6. That at all times hereinafter mentioned defendant "Z&D" was and still is a domestic partnership duly organized and existing under and by virtue of the laws of the State of New York.

7. That at all times hereinafter mentioned defendant "Z&D" was and still is a foreign partnership duly authorized to conduct business in the State of New York.

8. That at all times hereinafter mentioned defendant "Z&D" transacted business within the State of New York or contracts anywhere to supply good or services in the State of New York.

9. That at all times hereinafter mentioned defendant "Z&D" committed a tortious act within the State of New York.

10. That at all times hereinafter mentioned defendant "Z&D" committed a tortious act without the State of New York and regularly does or solicits business, or engaged in any other persistent course of conduct or derived substantial revenue from good used or consumed or services rendered in the State of New York and/or expected or should have reasonably expected its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

11. That at all times hereinafter mentioned defendant FEDEX GROUND PACKAGE SYSTEM INC. (hereinafter referred to as "FEDEX") was and still is a domestic corporation duly organized and existing under and by virtue of

FILED: BRONX COUNTY CLERK 01/12/2021 01:51 PM
NYSCEF DOC. NO. 1

INDEX NO. 800432/2021E
RECEIVED NYSCEF: 01/12/2021

the laws of the State of New York.

12. That at all times hereinafter mentioned defendant "FEDEX" was and still is a foreign corporation duly authorized to conduct business in the State of New York.

13. That at all times hereinafter mentioned defendant "FEDEX" was and still is a limited liability domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

14. That at all times hereinafter mentioned defendant "FEDEX" was and still is a limited liability foreign corporation duly authorized to conduct business in the State of New York.

15. That at all times hereinafter mentioned defendant "FEDEX" was and still is a domestic partnership duly organized and existing under and by virtue of the laws of the State of New York.

16. That at all times hereinafter mentioned defendant "FEDEX" was and still is a foreign partnership duly authorized to conduct business in the State of New York.

17. That at all times hereinafter mentioned defendant "FEDEX" transacted business within the State of New York or contracts anywhere to supply good or services in the State of New York.

18. That at all times hereinafter mentioned defendant "FEDEX" committed a tortious act within the State of New York.

19. That at all times hereinafter mentioned defendant "FEDEX" committed a tortious act without the State of New York and regularly does or solicits

business, or engaged in any other persistent course of conduct or derived substantial revenue from good used or consumed or services rendered in the State of New York and/or expected or should have reasonably expected its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

20. That at all times hereinafter mentioned defendant PENSKE TRUCK LEASING CORP. (hereinafter referred to as "PENSKE") was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

21. That at all times hereinafter mentioned defendant "PENSKE" was and still is a foreign corporation duly authorized to conduct business in the State of New York.

22. That at all times hereinafter mentioned defendant "PENSKE" was and still is a limited liability domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

23. That at all times hereinafter mentioned defendant "PENSKE" was and still is a limited liability foreign corporation duly authorized to conduct business in the State of New York.

24. That at all times hereinafter mentioned defendant "PENSKE" was and still is a domestic partnership duly organized and existing under and by virtue of the laws of the State of New York.

25. That at all times hereinafter mentioned defendant "PENSKE" was and still is a foreign partnership duly authorized to conduct business in the State of New York.

FILED: BRONX COUNTY CLERK 01/12/2021 01:51 PM
NYSCEF DOC. NO. 1

INDEX NO. 800432/2021E
RECEIVED NYSCEF: 01/12/2021

26. That at all times hereinafter mentioned defendant "PENSKE" transacted business within the State of New York or contracts anywhere to supply good or services in the State of New York.

27. That at all times hereinafter mentioned defendant "PENSKE" committed a tortious act within the State of New York.

28. That at all times hereinafter mentioned defendant "PENSKE" committed a tortious act without the State of New York and regularly does or solicits business, or engaged in any other persistent course of conduct or derived substantial revenue from good used or consumed or services rendered in the State of New York and/or expected or should have reasonably expected its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

29. That at all times hereinafter mentioned defendant "Z&D" owned a certain 2005 Bus bearing New Jersey license plate number AT656H.

30. That at all times hereinafter mentioned non-party Shuangqing Feng, (hereinafter referred to as "FENG"), currently deceased, was a resident of the State of New York.

31. That at all times hereinafter mentioned non-party "FENG" operated the aforementioned 2005 Bus with the express and/implied knowledge of its owner.

32. That at all times hereinafter mentioned non-party "FENG" operated the aforementioned 2005 Bus with the express and/implied consent of its owner.

33. That at all times hereinafter mentioned non-party "FENG" operated the aforementioned 2005 Bus with the express and/implied permission of its

FILED: BRONX COUNTY CLERK 01/12/2021 01:51 PM
NYSCEF DOC. NO. 1
INDEX NO. 800432/2021E
RECEIVED NYSCEF: 01/12/2021

owner.

34. That at all times hereinafter mentioned non-party "FENG" was an agent, servant and/or employee of defendant "Z&D".

35. That at all times hereinafter mentioned non-party "FENG" operated the aforementioned 2005 Bus in the course scope of or for the benefit of his employment for defendant "Z&D".

36. That at all times hereinafter mentioned defendant "FEDEX" owned a certain 2018 Truck bearing Indiana license plate number 1137170.

37. That at all times hereinafter mentioned non-party Brandon Stowers (hereinafter referred to as "BS"), was a resident of the State of California.

38. That at all times hereinafter mentioned non-party "BS" operated the aforementioned 2018 Truck Indiana license plate number 1137170 with the express and/implied knowledge of its owner.

39. That at all times hereinafter mentioned non-party "BS" operated the aforementioned 2018 Truck Indiana license plate number 1137170 with the express and/implied consent of its owner.

40. That at all times hereinafter mentioned non-party "BS" operated the aforementioned 2018 Truck Indiana license plate number 1137170 with the express and/implied permission of its owner.

41. That at all times hereinafter mentioned non-party "BS" was an agent, servant and/or employee of defendant "FEDEX".

FILED: BRONX COUNTY CLERK 01/12/2021 01:51 PM
NYSCEF DOC. NO. 1
INDEX NO. 800432/2021E
RECEIVED NYSCEF: 01/12/2021

42. That at all times hereinafter mentioned non-party "BS" operated the aforementioned 2018 Truck Indiana license plate number 1137170 in the course scope of or for the benefit of his employment for defendant "FEDEX".

43. That at all times hereinafter mentioned defendant "PENSKE" owned a certain 2018 Truck bearing Indiana license plate number 2726656.

44. That at all times hereinafter mentioned non-party Daniel Kepner (hereinafter referred to as "DK"), was a resident of the State of Pennsylvania.

45. That at all times hereinafter mentioned non-party "DK" operated the aforementioned 2018 Truck Indiana license plate number 2726656 with the express and/implied knowledge of its owner.

46. That at all times hereinafter mentioned non-party "DK" operated the aforementioned 2018 Truck Indiana license plate number 2726656 with the express and/implied consent of its owner.

47. That at all times hereinafter mentioned non-party "DK" operated the aforementioned 2018 Truck Indiana license plate number 2726656 with the express and/implied permission of its owner.

48. That at all times hereinafter mentioned non-party "DK" was an agent, servant and/or employee of defendant "PENSKE".

49. That at all times hereinafter mentioned non-party "DK" operated the aforementioned 2018 Truck Indiana license plate number 2726656 in the course scope of or for the benefit of his employment for defendant "PENSKE".

FILED: BRONX COUNTY CLERK 01/12/2021 01:51 PM
NYSCEF DOC. NO. 1

INDEX NO. 800432/2021E
RECEIVED NYSCEF: 01/12/2021

50. That at all times hereinafter mentioned defendant "PENSKE" owned a certain 2018 Truck bearing Indiana license plate number 2624024

51. That at all times hereinafter mentioned non-party Peter Carle (hereinafter referred to as "PC"), was a resident of the State of New Jersey.

52. That at all times hereinafter mentioned non-party "PC" operated the aforementioned 2018 Truck Indiana license plate number 2624024 with the express and/implied knowledge of its owner.

53. That at all times hereinafter mentioned non-party "PC" operated the aforementioned 2018 Truck Indiana license plate number 2624024 with the express and/implied consent of its owner.

54. That at all times hereinafter mentioned non-party "PC" operated the aforementioned 2018 Truck Indiana license plate number 2624024 with the express and/implied permission of its owner.

55. That at all times hereinafter mentioned non-party "PC" was an agent, servant and/or employee of defendant "PENSKE".

56. That at all times hereinafter mentioned non-party "PC" operated the aforementioned 2018 Truck Indiana license plate number 2624024 in the course scope of or for the benefit of his employment for defendant "PENSKE".

57. That at all times hereinafter mentioned plaintiff "JK" was a passenger on the 2005 Bus.

58. That at all times hereinafter mentioned the Pennsylvania Turnpike (Interstate 70) in the County of Westmoreland, Municipality of Mount Pleasant

FILED: BRONX COUNTY CLERK 01/12/2021 01:51 PM
NYSCEF DOC. NO. 1
INDEX NO. 800432/2021E
RECEIVED NYSCEF: 01/12/2021

Township and State of Pennsylvania was a public roadway in use by the residents of said County and others.

59. That on or about the 5th day of January, 2020 the aforementioned 2005 Bus lost control and/or otherwise was caused to be involved in an accident.

60. That at or about the aforementioned time and location the aforementioned "FEDEX" and two (2) "PENSKE" trucks were in contact with said 2005 Bus and/or each other at or about the aforementioned location.

61. That at the said time and location the plaintiff "JK" was injured as a result of the negligence and carelessness of the defendant(s) in the ownership, operation, control, management and/or maintenance of his/her/their respective motor vehicle(s).

62. That the said accident and the injuries sustained by the plaintiff "JK" therein were caused solely by the negligence of the defendant(s), without any negligence on the part of the plaintiff contributing thereto in any way whatsoever.

63. That the plaintiff "JK" is a covered person as defined in Article Fifty-One ("51") of the Insurance Law of the State of New York.

64. That the plaintiff "JK" has sustained a serious injury as a result of the occurrence described herein as defined in Article Fifty-One ("51") of the Insurance Law of the State of New York.

65. That the plaintiff "JK", upon information and belief, has sustained or will sustain economic loss greater than basic economic loss as defined in Article Fifty-One ("51") of the Insurance Law of the State of New York.

FILED: BRONX COUNTY CLERK 01/12/2021 01:51 PM
NYSCEF DOC. NO. 1

INDEX NO. 800432/2021E
RECEIVED NYSCEF: 01/12/2021

66. That as a result of the negligence and carelessness of the defendant(s), plaintiff "JK" sustained severe and protracted personal injuries, was incapacitated from her normal pursuits, incurred losses and expenses thereby, and plaintiff is informed and verily believes that same will continue in the future, all to her detriment and loss in a sum which exceeds the limits of all lower Courts which would otherwise have jurisdiction herein.

67. That this action falls within one or more of the exceptions set forth in CPLR 1602, specifically CPLR 1602(6)

WHEREFORE plaintiff(s) demand judgment against the defendant on the First Cause of Action in a sum which exceeds the limits of all lower Courts which would otherwise have jurisdiction herein. together with the costs and disbursements of this action, including interest and attorneys fees.

Dated: New York, New York
January 12, 2021

Yours, Etc.

RICHARD K. HERSHMAN, P.L.L.C.
Attorney for Plaintiff(s)

By: _____
Richard K. Hershman, Esq.
49 West 37th Street
7th Floor
New York, New York 10018
(212) 391-7721

## ATTORNEY VERIFICATION

The undersigned, an attorney duly admitted to practice law in the Courts of the State of New York hereby affirms the following to be true under penalties of perjury:

The affirmant is the attorney of record for the plaintiff(s) in the within action; that affirmant has read the foregoing *COMPLAINT* and knows the contents thereof; that the same is true to affirmants own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, affirmant believes them to be true.

Affirmant further states that the reason this Verification is made by affirmant and not by plaintiff(s) is that plaintiff(s) resides in a County outside the County in which affirmant maintains his office.

The grounds for affirmants belief as to all matters not stated upon his knowledge are investigations which he had made or caused to be made concerning this action, statements of parties and/or witnesses and records maintained in his file.

Dated: New York, New York
January 12, 2021

_____
RICHARD K. HERSHMAN

Case 2:21-cv-00587-LPL   Document 1-1   Filed 02/18/21   Page 13 of 13